## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2012

No. 11-30236

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MELVIN WAYNE ALEXANDER,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-205-5

Before JOLLY, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Melvin Wayne Alexander interlocutorily appeals from the district court's denial of his motion to dismiss the indictment on double jeopardy grounds. He was charged with conspiracy to possess with intent to distribute cocaine and various other narcotics offenses. In his motion to dismiss, as well as on appeal, he argued that his retrial after the district court's *sua sponte* declaration of a mistrial would violate his right against double jeopardy. We have jurisdiction to consider an interlocutory appeal from the denial of a motion to dismiss the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment on double jeopardy grounds. *United States v. Hoeffner*, 626 F.3d 857, 863 (5th Cir. 2010) (citing *Abney v. United States*, 431 U.S. 651, 663 (1977)), *cert. denied*, 131 S. Ct. 2465 (2011). We review the denial de novo but "accept as true the district court's underlying factual findings unless clearly erroneous." *Id.*

Due to a defendant's right to be tried by a specific tribunal, a trial court may not declare a mistrial *sua sponte* unless the mistrial is justified by manifest necessity. *United States v. Palmer*, 122 F.3d 215, 218 (5th Cir. 1997). However, if a defendant expressly or impliedly consents to a mistrial, double jeopardy does not bar retrial of that defendant. *Id.* "If a defendant does not timely and explicitly object to a trial court's *sua sponte* declaration of mistrial, that defendant will be held to have impliedly consented to the mistrial and may be retried in a later proceeding." *Id.* "The determination of whether a defendant objected to a mistrial is made on a case-by-case basis, and the critical factor is whether a defendant's objection gave the court sufficient notice and opportunity to resolve the defendant's concern." *United States v. El-Mezain*, 664 F.3d 467, 559 (5th Cir. 2011).

The parties argue whether, and to what extent, this court's holding in *United States v. Fisher*, 624 F.3d 713 (5th Cir. 2010), controls this appeal pursuant to the law of the case doctrine. In *Fisher*, 624 F.3d at 718, this court cited to the district court's determination that Fisher had objected to the mistrial and held that Fisher had therefore not impliedly consented to the mistrial. In the denial of Alexander's motion to dismiss the indictment, the district court stated that its determination that Fisher objected to the mistrial was erroneous and held that none of the parties objected to the mistrial despite being given an opportunity to do so. Even if we were to assume that the law of the case doctrine is recognized in this circuit as applicable to co-defendants' criminal appeals, because the *Fisher* court did not decide whether Alexander objected to the mistrial, it would not be applicable in this case.

No. 11-30236

Indeed, an examination of the record shows that, despite having an opportunity to object to the mistrial, Alexander did not explicitly object to the mistrial or provide the district court with notice and opportunity to address the double jeopardy concerns he now raises on appeal. Accordingly, because Alexander did not explicitly object to the mistrial despite being given the opportunity to do so, he impliedly consented to the mistrial and double jeopardy does not bar his retrial. *See El-Mezain*, 664 F.3d at 559; *Palmer*, 122 F.3d at 218.

The district court's denial of Alexander's motion to dismiss the indictment is

AFFIRMED.